Hanni M. Fakhoury (SBN 252629)
hanni@eff.org
Jennifer Lynch (SBN 240701)
jlynch@eff.org
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA 94109
Telephone: (415) 436-9333
Facsimile: (415) 436-9993

Counsel for *Amicus Curiae*
ELECTRONIC FRONTIER FOUNDATION

Filed
JUN 04 2015
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE APPLICATION TELEPHONE INFORMATION NEEDED FOR A CRIMINAL INVESTIGATION | Case No.: 5:15-xr-90304-HRL-1 (LHK)<br><br>**MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF OF ELECTRONIC FRONTIER FOUNDATION IN SUPPORT OF A WARRANT REQUIREMENT FOR HISTORICAL CELL SITE INFORMATION** |

The Electronic Frontier Foundation ("EFF") requests this Court permit it leave to file a brief *amicus curiae* in support of a warrant requirement for historical cell site information. Counsel for the government and the Federal Public Defender do not object to EFF filing an *amicus* brief of no more than 20 pages. EFF plans to file its amicus brief on June 12, 2015, the same day the Federal Public Defender's brief is due.

EFF is a member-supported civil liberties organization based in San Francisco, California, working to protect innovation, free speech, and privacy in a digital world. With approximately 20,000 dues-paying members nationwide, EFF represents the interests of technology users in both court cases and in broader policy debates surrounding the application of law in the digital age. As part of its mission, EFF has served as *amicus curiae* in landmark cases addressing Fourth Amendment issues raised by emerging technologies. *See, e.g., Riley v. California*, 134 S. Ct. 2473 (2014); *United States v. Jones*, 132 S. Ct. 945 (2012); *City of Ontario v. Quon*, 560 U.S. 746 (2010).

EFF has particular expertise and interest in location-based tracking technologies such as GPS and the collection of cell site tracking data, and has served as an *amicus* in numerous federal and state cases involving historical cell site information, including a case arising from a similar procedural posture last summer before the Honorable Nathanael Cousins. *See In re Telephone Information Needed for a Criminal Investigation*, 3:14-xr-90532-NC-1 (N.D. Cal. 2014); *see also United States v. Davis*, --- F.3d ---, 2015 WL 2058977 (11th Cir. 2015); *In re Application of United States for Historical Cell Site Data*, 724 F.3d 600 (5th Cir. 2013); *In re Application of the United States for an Order Directing a Provider of Elec. Commc'n Serv. to Disclose Records to Gov't*, 620 F.3d 304 (3d Cir. 2010); *State v. Smith*, --- A.3d ---, 156 Conn.App. 537 (2015); *Commonwealth v. Augustine*, 4 N.E.3d 846, 467 Mass. 230 (2014); *United States v. Jones*, 908 F. Supp. 2d 203 (D.D.C. 2012).

EFF's *amicus* brief will not be repetitive or redundant of the brief to be filed by the Federal Public Defender. EFF's brief will focus on the growing judicial and legislative consensus across the country that people have an expectation of privacy in their telephone and historical cell site records. EFF's *amicus* brief highlights how California specifically recognizes an expectation of privacy in

phone records under the state's constitution. The California Supreme Court has explicitly rejected the U.S. Supreme Court's holding in *Smith v. Maryland*, 442 U.S. 735 (1979), and has held that Californians have a subjective expectation of privacy in information disclosed to phone companies. *See People v. Blair*, 25 Cal.3d 640 (1979). While not dispositive of the Fourth Amendment issue, these authorities suggest that, more so than ever before, society as a whole recognizes as reasonable an expectation of privacy in phone records that reveal a person's location. That means the government must use a warrant supported by probable cause to obtain historical cell site information. *See, United States v. Cooper*, 2015 WL 881578, at *8 (N.D. Cal. Mar. 2, 2015) ("Society's expectation of privacy in historical cell site data is also evidenced by many state statutes and cases which suggest that this information exists within the ambit of an individual's personal and private realm… While state law is, of course, not dispositive on this question, 'the recognition of a privacy right by numerous states may provide insight into broad societal expectations of privacy.'").

    EFF therefore requests this Court permit it to file an *amicus* brief of no more than 20 pages on June 12, 2015.

DATED: June 4, 2015

Respectfully submitted,

By: _____
Hanni M. Fakhoury
Jennifer Lynch
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA  94109
Telephone: (415) 436-9333
Facsimile: (415) 436-9993

Counsel for *Amicus Curiae*
ELECTRONIC FRONTIER FOUNDATION

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 4, 2015, I filed the foregoing with the Clerk of the Court and caused to be served by U.S. Mail, postage thereon fully prepaid, a true and correct copy of the foregoing on:

Varell Laphalle Fuller
Federal Public Defender's Office
Northern District of California
55 South Market Street, Suite 820
San Jose, CA 95113
(408) 291-7753
Email: Varell_Fuller@fd.org

Ellen Valentik Leonida
Federal Public Defender's Office
Northern District of California
555 12th Street, Suite 650
Oakland, CA 94607-3627
(510) 637-3500
Fax: (510) 637-3507
Email: ellen_leonida@fd.org

*Counsel for Defendant*

Jeffrey Benjamin Schenk
U.S. Attorney's Office
Northern District of California
150 Almaden Blvd., Suite 900
San Jose, CA 95113
408-535-2695
Email: jeffrey.b.schenk@usdoj.gov

*Counsel for Plaintiff*

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Dated this 4th day of June, 2015.

_____
Stephanie Shattuck

3
MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF OF
ELECTRONIC FRONTIER FOUNDATION
5:15-xr-90304-HRL-1(LHK)